IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02489-BNB

DAVID LEE COLLINS,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

ORDER DISMISSING CASE

    Plaintiff, David Lee Collins, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Ordway, Colorado.  Mr. Collins, acting *pro se*, attempted to initiate this action on September 8, 2014, by filing a letter to the clerk of the Court titled "Request Note(s) U.S. v. Kis; a Nonjudicial, Administrative Commercial Business Matter of This Court. [A Payment]" (ECF No. 1), which is unintelligible.

    The Court opened this case under 42 U.S.C. § 1983 because Mr. Collins is a state prisoner and did not appear to be asserting a challenge to the fact or duration of his conviction or sentence.  On September 10, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Collins to cure certain deficiencies if he wished to pursue any claims in this action.  Specifically, Magistrate Judge Boland directed Mr. Collins to file on the Court-approved form a Prisoner Complaint and either to pay filing and administrative fees totaling $400.00 or to file on the Court-approved form a Prisoner's

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement and an authorization to calculate and disburse filing fee payments. Magistrate Boland also directed Mr. Collins to file a Prisoner Complaint on the Court-approved form that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Mr. Collins has not cured the deficiencies as directed. Instead, on September 18, 2014, he filed motion titled "Motion to Close With Request(s)" (ECF No. 4) stating that he does not want to proceed with this action.

The Court must construe liberally Mr. Collins' filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the "Motion to Close With Request(s)" will be treated as a notice of voluntary dismissal.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Collins "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by any opposing party in this action. A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507.

Accordingly, it is

ORDERED that the instant action is dismissed without prejudice pursuant to the "Motion to Close with Request(s)" (ECF No. 4) filed on September 18, 2014, by Plaintiff, David Lee Collins, and which the Court has treated as a notice of voluntary dismissal. It is

FURTHER ORDERED that the voluntary dismissal is effective as of September 18, 2014, the date the notice of voluntary dismissal was filed in this action.

DATED at Denver, Colorado, this  22nd  day of   September  , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court